**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **-v-**                                                           **00-CR-186**
                                                                      **(TJM)**

**DIOGENES ROSARIO,**
          **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.**    **INTRODUCTION**

Defendant Diogenes Rosario was convicted after trial of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846. Based upon the amount of cocaine and cocaine base that Defendant was responsible for,[1] his United States Sentencing Guidelines' ("USSG" or "Guidelines") total offense level was calculated at 38. The Court also concluded that Defendant was a career offender within the meaning of USSG § 4B1.1 and, therefore, his criminal history was assessed at a category VI. See USSG § 4B1.1(b). With a total offense level 38 and criminal history category VI, Defendant's Guidelines' range of incarceration was 360 months to life. On March 7, 2002, the Court sentenced Defendant principally to 360 months of incarceration. On appeal, the United States Court of Appeals for the Second Circuit affirmed Defendant's conviction and sentence, including the determination by this

---

[1] The Court adopted the Probation Department's conclusion that Defendant was accountable for 1.5 kilograms or more of cocaine base. See PSR ¶ 17.

1

Court that Defendant was a career offender. See United State v. Garcia, 57 Fed. Appx. 486 (2d Cir. 2003).[2]

Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendments 706 and 709 to the Guidelines. In this regard, Defendant argues that, pursuant to Amendment 706, which lowered the Guidelines' base offense level by 2 levels for most crack cocaine offenses, he should be assessed a total offense level of 36. He further argues that, pursuant to Amendment 709, which amended the Guidelines' "related cases" doctrine for purposes of determining career offender status, see USSG § 4A1.2(a)(2);[3] compare  fn. 2, *supra*, he should not be deemed a career offender and,

---

[2] On appeal, Defendant argued, *inter alia*, that this Court's assignment of career offender status was error because (1) his two earlier convictions for attempted robbery in the second degree did not qualify for a career offender classification under § 4B1.1, and (2) "his prior convictions were 'related' because they had been consolidated for sentencing under the theory that he had been sentenced for both on the same day." Garcia, 57 Fed. Appx. at 492. The Second Circuit rejected both arguments, writing on the second:

> "Prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2 application note 3. It is well settled, however, that cases are not considered consolidated for sentencing merely because the sentences had been imposed on the same day. United States v. Gelzer, 50 F.3d 1133, 1143 (2d Cir. 1995). We therefore conclude that the District Court did not err in finding that Rosario's prior convictions were not factually related.

Id.

[3] "Amendment 709 took effect on November 1, 2007 and substantively changed the way that multiple prior sentences are counted in computing a defendant's criminal history under the Guidelines." United States v. Figueroa, 2008 WL 5069079, at * 1 (S.D.N.Y. Nov. 21, 2008). In this regard, Amendment 709 amended USSG § 4A1.2(a)(2) to read:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. See also § 4A1.1(f).

(continued...)

instead, assessed a criminal history category III.  At a criminal history category III and a total offense level 36, Defendant argues that he should be sentenced to 235 months, which is the low end of what he contends is the applicable Guidelines' range.

The Government opposes the motion, arguing that Amendment 709 is not retroactive and, without a change in Defendant's career offender assessment, he faces a Guidelines' sentence of 360 months to life even if Amendment 706 applies.

For the reasons that follow, the motion is denied.

**II.    DISCUSSION**

The lynchpin of Defendant's motion is the application of the amended version of USSG § 4A1.2(a)(2).  Under the amended version, Defendant would not be assessed as a career offender, would have a lower criminal history, and accordingly, would be in a lower Guidelines's range.  Further, when combined with a two level reduction to his base offense level under Amendment 706, his sentencing range would be even lower.  As the Government points out, however, the career offender Guidelines provide that because Defendant's offense of conviction carries a statutory maximum term of life incarceration, his base offense level must be at least a 37.  See USSG § 4B1.1(b).  Thus, if Amendment 706 applies (ostensibly reducing Defendant's total offense level to 36) but the Court's original career offender determination still applies, Defendant's total offense level must be at least a 37.  At a criminal history category VI (assessed by virtue of the career offender

---

[3](...continued)
For purposes of applying § 4A1.1(a), (b), and (c), if prior sentences are counted as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed. If consecutive sentences were imposed, use the aggregate sentence of imprisonment.

determination, see USSG § 4B1.1(b)), the applicable Guidelines' range would still be 360 months to life.

The Court finds that Amendment 709 does not apply. As this Court has held, Amendment 709 is not to be given retroactive affect because it is not expressly listed in § 1B1.10(c) of the Guidelines. See Medina v. U.S., 2008 WL 5105282, at *5 (N.D.N.Y. Dec. 1, 2008).[4] Other courts have made similar findings, see United States v. Figueroa, 2008 WL 5069079, at * 1 (S.D.N.Y. Nov. 21, 2008)(collecting cases), and Defendant has not presented a compelling reason for this Court to deviate from this holding.

Further, without retroactive application of Amendment 709, there is no basis to apply the amended version of USSG § 4A1.2(a)(2). Assuming that Amendment 706 would apply, the applicable Sentencing Commission policy statement provides that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." USSG § 1B1.10(a)(3). Thus, the sentencing modification allowed by Amendment 706 does not serve as a springboard to re-examine other sentencing factors that have not been made retroactive by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2);[5] see also United States v. Savoy, --- F.3d ----,

---

[4]("Although 18 U.S.C. § 3582 does authorize the modification of a sentence 'based on a sentencing range that has been subsequently reduced by the Sentencing Commission,' 18 U.S.C. § 3582(c)(2), an amendment to the guidelines is given retroactive effect only if it is expressly listed in Section 1B1.10(c) of those guidelines, the Section exclusively governing the retroactivity of amendments. U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1), (c) (2008). [] Amendment 709 . . . is not listed in that section. Accordingly, it is not given retroactive effect.")

[5]Section 3582(c)(2) states:

[I]n the case of a defendant who has been sentenced to a term of imprisonment **based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)**, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after

(continued...)

2009 WL 1457976, at *2 - *3 (2d Cir. May 27, 2009);[6] United States v. Williams, 551 F.3d 182 , 186 (2d Cir. 2009).[7]  The holding of United States v. Booker, 543 U.S. 220 (2005), does not change this analysis.  Savoy, 2009 WL 1457976, at *2 - *3;[8] Figueroa, 2008 WL 5069079, at * 1.[9]

Accordingly, there is no basis to reduce Defendant's sentence below the 360 months of incarceration originally imposed.

## III.   CONCLUSION

For the reasons discussed above, Defendant's motion for a sentence reduction

---

[5](...continued)
considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**.

18 U.S.C. § 3582(c)(2)(emphasis added).

[6]([T]he Commission made clear that 'proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.' [USSG] § 1B1.10(a)(3). . . . We are persuaded by the reasoning of [the majority of the circuit courts] that have determined that § 1B1.10 is binding on sentencing courts.").

[7](noting that U.S.S.G. § 1B1.10, application note 1(A) prohibits sentence reductions if the amendment "'does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)" and concluding that courts "are bound by the language of this policy statement because Congress has made it clear that a court may reduce the terms of imprisonment under § 3582(c) only if doing so is 'consistent with applicable policy statements issued by the Sentencing Commission.'")(quoting 18 U.S.C. § 3582(c)(2)).

[8](rejecting Defendant's argument that Booker and its progeny rendered the Sentencing Commission's policy statements merely advisory on § 3582(c)(2) motions).

[9]In Figueroa, the Southern District wrote:

"'Nothing in United States v. Booker, 543 U.S. 220 (2005) purported to obviate the congressional directive' that a sentence reduction must be consistent with the Sentencing Commission's policy statements." [United States v. Schmidt, 2008 WL 28564 73, at *1 (S.D.N.Y. July 22, 2008)](quoting United States v. Wise, 515 F.3d 207 n. 11 (3d Cir. 2008)). Therefore, Booker does not provide grounds for a sentence reduction pursuant to Amendment 709.  Id.

2008 WL 5069079, at * 1.

5

pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED.**

**IT IS SO ORDERED**

DATED:June 8, 2009

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge